United States District Court
for the
Southern District of Florida

| | |
|---|---|
| MSP Recovery, LLC, Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 15-20732-Civ-Scola |
| | ) |
| Allstate Insurance Company, Defendant | ) |

### Order Granting Defendant's Motion to Dismiss

Before a private cause of action exists under the Medicare Secondary Payer Act, a plaintiff must demonstrate the defendant's responsibility to pay a patient's medical costs. But MSP Recovery puts the cart before the horse and sues Allstate under the Act *before* establishing Allstate's obligation to reimburse certain medical expenses. The Court thus grants Allstate's Motion to Dismiss as it relates to MSP Recovery's claims stemming from the Act. The remaining claims, over which the Court exercised supplemental jurisdiction, are remanded to state court.

**1.   Background.**

In January 2013, a Medicare Enrollee was in a car accident. (*See* 2d Am. Compl. ¶ 14, ECF No. 18.) As a result of the accident, the Enrollee suffered bodily injuries and incurred expenses for medical care. (*See id.* at ¶ 14.) After the accident, some entity, presumably Florida Healthcare Plus, made "prompt conditional payments to Enrollee's healthcare providers[.]" (*Id.* at ¶ 21.) It is unclear, however, what entity made the payment because MSP Recovery, in its Second Amended Complaint, confusingly refers to itself, FHP, and a third entity, La Ley Recovery Systems, Inc., collectively as "Plaintiff." (*See id.* at ¶ 13.)

After making the medical payments, "Plaintiff learned of the existence of Enrollee's no fault coverage" from Allstate. (*Id.* at ¶ 22.) As alleged in the Second Amended Complaint, "[Allstate] issued a policy of insurance to Enrollee, which provided personal injury protection benefits, medical, and extended medical expense coverage[,]" (*Id.* at ¶ 15), and was in full force and effect when the accident occurred. (*See id.* at ¶ 16.) The Medicare Advantage Plan, administered by FHP and under which Enrollee's medical expenses were paid, "was the secondary plan," alleges MSP Recovery. (*Id.* at ¶ 19.)

MSP Recovery sued Allstate in Florida state court for Allstate's alleged refusal to reimburse the medical payments made on Enrollee's behalf. Allstate

removed to this Court.  (*See* Notice of Removal, ECF No. 1.)  Now, in its Second Amended Complaint, MSP Recovery raises the following claims: Count I: Declaratory Judgment; Count II: Private Cause of Action for Double Damages; Count III: Accounting; Count IV: Breach of Contract; and Count V: Equitable Subrogation.  MSP Recovery's first two causes of action rely on the Medicare Secondary Payer Act; its final three are state law claims.

## 2. Legal Standard.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In order to survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

While detailed factual allegations are not required, a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  *Id.*  When considering a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## 3. Discussion.

### A. Though MSP Recovery adequately alleges its standing, it fails to show that a private cause of action under the Medicare Secondary Payer Act has accrued.

Allstate argues that MSP Recovery lacks standing to bring this lawsuit and, further, each of its claims fails as a matter of law. (*See* Mot. to Dismiss, ECF No. 20.)  The Court finds that MSP Recovery's allegations—accepted as true for the purpose of a motion to dismiss—establish its standing to bring this lawsuit.  However, the Court also finds that until MSP Recovery demonstrates Allstate's liability for the Enrollee's medical expenses, MSP Recovery cannot bring claims under the Medicare Secondary Payer Act.  And without its claims under the Act, MSP Recovery's remaining claims must be remanded to state court.

MSP Recovery's standing arises from a series of assignments.  First, FHP, a Health Maintenance Organization and Medicare participant, (*see* 2d Am. Compl. ¶ 8), assigned its claims to recover amounts owed to it to La Ley Recovery Systems, Inc. (*Id.* at ¶ 10.)  After taking assignment from FHP, La Ley Recovery Systems, Inc. assigned its rights to MSP Recovery.  (*Id.* at ¶ 11.)  Though Allstate argues there "are simply no non-conclusory allegations whatsoever to support the existence of any assignment of rights related to the claimed amounts for services provided to the patient at issue [in this case]," (Mot. to Dismiss, 4, ECF No. 20), at this stage, the Court must accept MSP Recovery's allegations concerning the assignments as true.  *See Pielage*, 516 F.3d at 1282; *see also, MSP Recovery, LLC v. Progressive Select Ins. Co.*, Case No. 15-20213-UNGARO (S.D. Fla. Apr. 3, 2015) (finding Plaintiff's allegations regarding standing sufficient in a nearly identical case involving the same parties and assignments); *MSP Recovery, LLC v. Progressive Select Ins. Co.*, Case No. 15-20208-UNGARO (S.D. Fla. Apr. 1, 2015) (*citing Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010)).  Having found that MSP Recovery adequately alleged its standing, the Court must consider whether MSP Recovery's claims may proceed.

The Medicare Secondary Payer Act creates "a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which *fails* to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A)."  *Glover v. Ligett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (*citing* 42 U.S.C. § 1395y(b)(3)) (emphasis added).  The Eleventh Circuit recognizes that there is a private right of action under the Act but only once liability is established by a separate adjudication or agreement.  *Glover*, 459 F.3d at 1310; *see also MSP Recovery, LLC v. Progressive Select Ins. Co.*, Case No. 15-20616-MORENO (S.D. Fla. May 18, 2015); *MSP Recovery, LLC v. Progressive Select Ins. Co.*, Case No. 15-20213-UNGARO (S.D. Fla. Apr. 3, 2015); *MSP Recovery, LLC v. Progressive Select Ins. Co.*, Case No. 15-20208-UNGARO (S.D. Fla. Apr. 1, 2015).

The crux of MSP Recovery's claims is that Allstate is liable for medical payments made on Enrollee's behalf.  But Allstate's liability has not yet been established.  Though MSP Recovery states that "[a]s the primary insurer in this case, [Allstate], being the no fault carrier pursuant to its insurance contract with Enrollee . . . is responsible for payment of Enrollee's claims resulting from the accident[,]" (2d Am. Compl. ¶ 72, ECF No. 18), this allegation is a legal conclusion that the Court need not accept as true when considering a motion to dismiss.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of [a] motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion

couched as a factual allegation.") (citation omitted). Until MSP Recovery demonstrates—by judgment or other agreement—Allstate's obligation to pay Enrollee's medical expenses, MSP Recovery cannot proceed with claims under the Medicare Secondary Payer Act. Thus, MSP Recovery's Count I for declaratory relief and Count II for double damages, must be dismissed.

### B. The Court remands MSP Recovery's state law claims.

"[S]tate courts, not federal courts, should be the final arbiters of state law." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997). "In any civil action of which the district courts have original jurisdiction, [they also] shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case of controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). District courts, however, "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

Having found that MSP Recovery's claims under the Medicare Secondary Payer Act fail, its only remaining claims are Count III: Accounting; Count IV: Breach of Contract; and Count V: Equitable Subrogation. As MSP Recovery notes, the Court has only "supplemental jurisdiction over" those claims. (*See* 2d Am. Compl. ¶ 1.) Independent of MSP Recovery's federal claims, the Court does not have jurisdiction over its final three claims. Because the Court has disposed of MSP Recovery's federal claims, it declines to retain jurisdiction over its remaining claims and remands them to state court, where they originated. *See Pace v. Peters*, 524 F. App'x 532, 538 (11th Cir. 2013) ("[B]ecause this case was originally filed in state court and removed to federal court under § 1441, the district court should have remanded Pace's state law tort claims to the state court, rather than dismissing them with prejudice.") (citation omitted).

**4.     Conclusion.**

The Court finds that MSP Recovery has not, by way of judgment or other agreement, established Allstate's liability for the Enrollee's medical expenses. Prior to allowing MSP Recovery to pursue claims against Allstate arising from the Medicare Secondary Payer Act, there should be a primary showing of Allstate's liability to pay the Enrollee's medical costs. The Court thus **grants** Allstate's Motion to Dismiss, (ECF No. 20) as it relates to Count I, for a declaratory judgment, and Count II, for damages under the MSP Act, of the Second Amended Complaint. Count III, Count IV, and Count V are **remanded**. The Clerk shall **close** this matter and take all necessary steps to ensure the prompt **remand** of this action and transfer this file back to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**Done and ordered** in chambers, at Miami, Florida, on September 18, 2015.

_____
Robert N. Scola, Jr.
United States District Judge